UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-5168-JFW (KK)** | Date: | June 20, 2019 |
| Title: | *Latia Suttle v. Michael Whitaker* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed

## I.
## INTRODUCTION

On June 13, 2019, Petitioner Latia Suttle ("Petitioner") filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition") alleging she is being "[r]estrained, confined, and detained without trial" by state authorities, specifically "Juvenile Dependency Court." ECF Docket No. ("Dkt.") 1. While not entirely clear, it appears Petitioner is challenging state court proceedings relating to the removal of Petitioner's child from her custody by the Department of Children and Family Services ("DCFS") and Petitioner's visitation rights on the following grounds:

(1) Social workers used perjured testimony to initiate state court proceedings in bad faith to secure the removal of Petitioner's son;
(2) The state court failed to hold a "jurisdiction hearing" within 15 court days of the date of the order for detention;
(3) There is no evidence Petitioner's son was in immediate danger warranting emergency removal from Petitioner's home; and
(4) DCFS did not offer any intervention or services for Petitioner or her son to stop the removal.

Id.

The Petition appears subject to dismissal because the Court lacks jurisdiction over collateral challenges to child custody determinations by state courts, the Petition does not name a proper

respondent, Petitioner is not in custody, and Petitioner has not exhausted her available state court remedies. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than July 22, 2019**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## DISCUSSION

### A. THE PETITION IS SUBJECT TO DISMISSAL FOR LACK OF JURISDICTION

There is no federal habeas jurisdiction over collateral challenges to child custody determinations by state courts. Lehman v. Lycoming Cty. Children's Servs. Agency, 458 U.S. 502, 516, 102 S. Ct. 3231, 3233, 73 L. Ed. 2d 928 (1982). In Lehman, the Supreme Court emphasized the federalism and comity concerns that would arise should federal habeas jurisdiction be found to exist over claims stemming from child custody matters, noting "the exceptional need for finality in child-custody disputes" and the "unusually strong" nature of the State's "interest in finality." Id. at 512-13 (given that federal courts "consistently have shown special solicitude for state interests" in family matters, extending federal habeas jurisdiction to encompass challenges to state court child custody decisions based on alleged collateral constitutional defects "would be an unprecedented expansion of the jurisdiction of the lower federal courts"); see also Anderson v. Dep't of Children & Family Servs., No. CV 15-180-AB PLA, 2015 WL 1541513, at *2 (C.D. Cal. Apr. 3, 2015) (dismissing habeas petition challenging California state court juvenile dependency proceedings for lack of jurisdiction).

Here, Petitioner appears to be challenging the California juvenile dependency proceedings that resulted in the removal of her son from her custody. Dkt. 1. This Court lacks jurisdiction over a collateral challenge to the child custody determinations by the state court. Hence, the Petition is subject to dismissal for lack of jurisdiction.

### B. THE PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (second alteration in original). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; see Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, Petitioner appears to name the state court judge who presided over the juvenile dependency hearing as the respondent. The judicial officer who presided over the hearing does not

have custody over Petitioner. Thornton v. Gottlieb, No. 1:07-CV-01549-AWI-DLB (HC), 2007 WL 3407153, at *1 (E.D. Cal. Nov. 14, 2007) (dismissing petition for failure to name proper respondent, finding "[t]he Judge of the Superior Court is certainly not the individual having day-to-day control over Petitioner"). Thus, the Petition fails to name a proper respondent and this Court lacks jurisdiction to entertain the action.

C.   THE PETITION IS SUBJECT TO DISMISSAL BECAUSE PETITIONER IS NOT "IN CUSTODY"

Pursuant to 28 U.S.C. § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless - . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2251(c); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement."). A person who has been "restrained" or "detained" from seeing their children pursuant to a state juvenile dependency hearing are not "in custody" for purposes of pursuing habeas actions. Anderson, 2015 WL 1541513, at *1 (dismissing habeas petition, finding petitioner, whose children were removed from his custody pursuant to a California juvenile dependency hearing, was not "in custody").

Here, there is no showing Petitioner is "in custody" in violation of the Constitution or laws or treaties of the United States. Petitioner does not appear to be challenging her detention pursuant to an underlying criminal conviction or civil commitment. Rather, Petitioner appears to challenge state dependency proceedings, which did not involve her being placed "in custody." Accordingly, the Petition appears subject to dismissal.

D.   THE PETITION IS SUBJECT TO DISMISSAL AS WHOLLY UNEXHAUSTED

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A person in state custody pursuing habeas relief must exhaust her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the person's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

In this case, Petitioner challenges California juvenile dependency proceedings that occurred in Los Angeles County Superior Court. Dkt. 1 at 13. Petitioner, however, admits she did not appeal the rulings or seek review in the California Supreme Court. Dkt. 1 at 2-5. Petitioner further states she has not filed "any other petition, application, or motions about the issues raised in this [P]etition." Id. at 5. Accordingly, it appears Petitioner's claims have not been ruled on by the California Supreme Court. Thus, the Petition is a wholly unexhausted petition subject to dismissal.

### III.
### ORDER

For all of the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed **no later than July 22, 2019**. Petitioner must respond in writing by either (a) clearly explaining why the deficiencies referenced above do not warrant dismissal; or (b) filing a First Amended Petition curing the above referenced deficiencies. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition.

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for her failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at her current address of record.**

**IT IS SO ORDERED.**